# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARTIN D.,

        Plaintiff,

    v.

MARTIN J. O'MALLEY,
  COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 20 CV 6997

Magistrate Judge McShain

## MEMORANDUM OPINION AND ORDER

Plaintiff Martin D. appeals the Commissioner's decision denying his applications for Social Security benefits. For the following reasons, plaintiff's motion to reverse and remand the agency's decision [18] is denied, the Commissioner's motion for summary judgment [23] is granted, and the decision denying benefits is affirmed.[1]

## Background

In July 2018, plaintiff applied for benefits, alleging a disability onset date of March 10, 2016. [17-1] 13. His applications were denied initially, on reconsideration, and after a hearing. [*Id.*] 13-24, 31-63. The Appeals Council denied review in September 2020 [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction over the appeal pursuant to 42 U.S.C. § 405(g).[2]

## Legal Standard

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [17-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [9, 11].

or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a sequential five-step inquiry: (1) whether the claimant is unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairments; (4) whether the claimant is unable to perform her past relevant work; and (5) whether the claimant is unable to perform any other available work in light of her age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). "When reviewing a disability decision for substantial evidence," the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

At step one of her decision, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. [17-1] 15-16. At step two, the ALJ found that plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spines, osteoarthritis and patellar displacement, and sacroiliitis. [*Id.*] 16. At step three, the ALJ found that plaintiff's impairments did not meet or equal a listed impairment. [*Id.*] 17. Before turning to step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform a limited range of light work, including the ability to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; and sit, stand, and/or walk for six hours in an eight-hour workday. [*Id.*] 17-22. At step four, the ALJ found that plaintiff could not perform his past relevant work. [*Id.*] 22. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform, including small-parts assembler (23,000 jobs nationally), label coder (30,000 jobs nationally), and cleaner polisher (19,000 jobs nationally). Accordingly, the ALJ found that plaintiff was not disabled.

## A.   RFC Determination

Plaintiff argues that the ALJ erred in finding that he could perform light work, which generally requires a person to lift or carry ten pounds frequently and twenty pounds occasionally, stand or walk for six hours in an eight-hour workday, and sit six hours in an eight-hour workday. *See* 20 C.F.R. § 404.1567(b). More specifically, plaintiff contends that the ALJ erred by rejecting the opinion of Dr. William Lopez that plaintiff could walk only one block, stand for only 30 minutes, sit for only 60 minutes, and lift/carry only 15 pounds. [18] 11-14. The ALJ considered Dr. Lopez's opinion, which Lopez rendered after spending "approximately 38 minutes reviewing forms, interviewing and examining" plaintiff on one occasion. [17-1] 488-92. But the ALJ found the opinion largely unpersuasive because it was not supported by Lopez's objective findings, it was based in part on plaintiff's subjective allegations, and it was inconsistent with the broader medical record, including plaintiff's statement that he was satisfied with his pain management. As the ALJ explained:

> After performing a consultative examination on September 22, 2018, William J. Lopez, M.D., opined the claimant was able to walk for one block at a time, stand for 30 minutes at a time, sit for one hour at a time, handle and manipulate objects, lift, carry, push, and pull objects up to 15 pounds, and climb up to 10 steps of stairs at a time. As discussed above, despite exhibiting limited range of motion, tenderness and spasms in his cervical spine during the consultative examination, range of motion of the claimant's bilateral shoulders, elbows and wrists was normal. Grip strength was 5/5 in both hands. He was able to fully extend the hands, make fists and oppose fingers. The claimant was able to get on and off the examination table with mild difficulty. Straight leg raise test was negative bilaterally. Muscle strength was 5/5 in both bilateral lower extremities. Deep tendon reflexes were present, equal, and symmetric. The claimant could walk greater than 50 feet without support. His gait was non-antalgic without the use of assistive devices (Exhibit 3F). Dr. Lopez's assessment appears to be based, at least in part, on the claimant's subjective allegation, and is not fully supported by his own objective findings which indicate a non-antalgic gait, ability to walk more than 50 feet without support and only mild difficulty getting on and off the exam table. Specifically, his opinion that the claimant could walk for one block at a time and stand for 30 minutes are not supported by the objective findings. Nor are these findings consistent with the claimant's overall satisfaction with his pain management and the lack of assistive device until earlier in 2019. Thus, the undersigned only finds his assessment somewhat persuasive.

[17-1] 20-21.

3

Substantial evidence supports the ALJ's conclusion that Dr. Lopez's opinion was unsupported by his own examination findings and inconsistent with other evidence in the medical record. *See Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023) (ALJ must consider multiple factors in deciding how persuasive medical opinion is, but supportability and consistency are most important). As the ALJ observed, Dr. Lopez's exam findings were largely normal: plaintiff exhibited full motor strength during the consultative exam, he had full grip strength and manipulative ability, his reflexes were normal, he walked with a non-antalgic gait, and plaintiff could walk more than 50 feet. [17-1] 18. Furthermore, there were no objective findings to support Dr. Lopez's specific conclusion that plaintiff could stand for no more than 30 minutes at a time. [*Id.*]. Nor, finally, did Dr. Lopez explain how his review of some of plaintiff's treatment records or his specific exam findings supported his opinion. It was therefore permissible for the ALJ to conclude that Dr. Lopez's own exam findings did not support his opinion that plaintiff had extreme functional limitations. And while plaintiff argues that other medical evidence was consistent with Lopez's opinion, *see* [18] 11-14, "the question before the Court is whether the ALJ's findings are adequately supported by substantial evidence in the administrative record, not whether the record could also support different conclusions[.]" *Martrice D. v. Kijakazi*, No. 21-cv-3512, 2022 WL 4234970, at *3 (N.D. Ill. Sept. 14, 2022). Because the ALJ's evaluation of Dr. Lopez's opinion had a substantial evidentiary basis, it is irrelevant whether other evidence in the record—including evidence that the ALJ specifically discussed, *see* [17-1] 18-20 (discussing plaintiff's knee x-rays, knee crepitus, and imaging results related to his spinal impairments)—might have been consistent with Lopez's opinion.[3]

The ALJ also had discretion to discredit Dr. Lopez's opinion on the ground that it was based in part on plaintiff's own subjective allegations. *See Jill S. v. O'Malley*, No. 21 CV 2485, 2024 WL 2292876, at *2 (N.D. Ill. May 21, 2024) ("It was within the ALJ's discretion to discount opinions based on subjective reports."). "[M]edical opinions upon which an ALJ should rely need to be based upon objective observations and not amount merely to a recitation of a claimant's subjective complaints." *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004). Notably, the ALJ rejected plaintiff's allegations regarding the severity of his impairments and their limiting effects based on plaintiff's "symptom magnification" during a January 2018 functional-capacity examination. During this exam, for example, plaintiff claimed he could not lift or carry a ten-pound load, but the examiner observed plaintiff lift and carry a fifteen-pound load. [17-1] 21. The examiner's findings from a "musculoskeletal examination were inconsistent with the claimant's observed functional abilities." [*Id.*]. Likewise, the examiner observed that, while plaintiff "was unable to bend further than fingertips to mid-thigh" during lumbar range-of-motion testing, plaintiff was subsequently able to "bend[ ] to lift a box 11 inches from the floor with his hands on

---

[3] Plaintiff argues that the ALJ erred by failing to specify which parts of Dr. Lopez's opinion she found persuasive. [18] 11 n.5. Because plaintiff cites no authority to support this argument, it is forfeited. *See Krell v. Saul*, 93 F.3d 582, 586 n.1 (7th Cir. 2019).

the handles." [*Id.*] All of this—and other findings from the exam—led the examiner to conclude that "he could not provide a true assessment of [plaintiff's] maximal functional ability due to [his] symptom magnification and self-limiting behavior," and that plaintiff's "symptom magnification and self-limiting behaviors presented as a significant barrier for his potential return to work." [*Id.*]. It was therefore reasonable for the ALJ to reject Dr. Lopez's opinion on the ground that it was based in part on plaintiff's exaggerated subjective allegations.

Furthermore, the ALJ reasonably considered that Dr. Lopez's opinion was inconsistent with plaintiff's admission, in April 2019—seven months after the consultative exam—that he was "satisfied with his pain management." [17-1] 19-20 (citing [*id.*] 550). That plaintiff was satisfied with his pain-management treatment permitted the ALJ to infer that the treatment was effective and that plaintiff's knee and back pain did not—contrary to Lopez's unsupported opinion—cause disabling limitations.

Finally, the Court observes that additional evidence supported the ALJ's decision to reject Lopez's opinion and find that plaintiff could perform a limited ranged of light work. The ALJ found that plaintiff's treatment record after December 2018 was "sparse" and consisted largely of prescription refills. [17-1] 19. The ALJ emphasized that plaintiff's primary form of treatment—pain management—was "conservative" in nature. [*Id.*] 20. The ALJ observed that plaintiff demonstrated full motor strength and normal sensation, and that imagings showed that his spinal conditions had not worsened since 2016—notwithstanding plaintiff's report, in July 2019, that he was less satisfied with his pain management. [*Id.*] 19-20. The state agency reviewers found that plaintiff was capable of light work with certain restrictions, and the ALJ found these opinions persuasive because they were "supported by the objective medical evidence," "the conservative nature of the claimant's treatment," and plaintiff's "largely normal exam findings." [*Id.*] 20.

For these reasons, the Court rejects plaintiff's argument that the ALJ erred in determining his RFC.

## B.    Step Five Determination

Plaintiff also argues that the ALJ erred in finding that 72,000 jobs existing in the national economy represented a significant number of jobs. [18] 14-15. Plaintiff contends that the total number of full-time jobs in the United States was 150,606,000, and that the 72,000 jobs at issue here amounted to only 0.047% of those jobs. [*Id.*] 15. Plaintiff relies on *Sally S. v. Berryhill*, No. 2:18cv460, 2019 WL 3335033 (N.D. Ind. Jul. 23, 2019), which held that 120,350 jobs in the national economy was not a significant number because it represented only 0.080% of the available jobs nationwide.

5

The Court rejects plaintiff's argument. Courts in the Northern District of Illinois, including the undersigned, have found *Sally S.* to be unpersuasive and declined to follow it. *See Carla S. v. O'Malley*, Case No. 20 CV 3755, 2024 WL 113961, at *13 (N.D. Ill. Jan. 10, 2024) (collecting cases). Even the District Judge who decided *Sally S.* has concluded that the decision is "unworkable" and indicated that, "unless the number of jobs identified by the VE is startling low (or in the unlikely event [the] Seventh Circuit sets forth a threshold), the undersigned will continue to defer to the ALJ and VE on the question of the significance of the number of identified jobs." *Jennifer K. v. Kijakazi*, Civil No. 1:21cv68, 2022 WL 766164, at *4 (N.D. Ind. Mar. 14, 2022). The Court declines to follow *Sally S.* here and instead concludes that 72,000 jobs existing in the national economy constitutes a significant number of jobs, and thus that the Commissioner met his burden at step five. *See Mitchell v. Kijakazi*, No. 20-2897, 2021 WL 3086194, at *3 (7th Cir. Jul. 22, 2021) (affirming ALJ's step-five finding, where VE testified that 30,000 jobs existed in national economy that plaintiff could perform); *Ricardo M. v. Kijakazi*, No. 19 CV 6802, 2022 WL 4356892, at *5 (N.D. Ill. Sept. 20, 2022) (28,000 jobs existing in national economy for single occupation was a significant number of jobs); *Brenda B. v. Kijakazi*, Civil No. 1:20cv439, 2022 WL 72052, at *6 (N.D. Ind. Jan. 7, 2022) (74,000 jobs in national economy was a significant number of jobs).

## Conclusion

For the reasons set forth above, plaintiff's motion to reverse and remand the SSA's decision [18] is denied, defendant's motion for summary judgment [23] is granted, and the decision denying plaintiff's applications for benefits is affirmed.

*Heather K. McShain*

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: June 13, 2024**

6